UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN DUNLAP, JR.,** | ) | CASE NO.  4:13CR523 |
| | ) | 4:16CV54 |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| **UNITED STATES OF AMERICA,** | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

The instant matter is before the Court upon Petitioner John Dunlap, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 41.  The petition is DENIED

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

**II. LAW AND ARGUMENT**

In his first ground for relief, Dunlap contends that he was deprived of effective assistance of counsel.  Dunlap contends that his counsel was ineffective for negotiating an appellate waiver with respect to the Court's determination of a particular enhancement during his sentencing hearing. Dunlap's first claim lacks merit.

1

The standard for ineffective assistance of counsel is the two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Dunlap must show that his counsel's performance was deficient. Id. at 687. Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Id*. Second, Dunlap must show that his counsel's deficient performance actually prejudiced his defense. *Id.* In the context of guilty pleas, to establish prejudice under *Strickland*, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Dunlap's claim fails on several grounds. First, he has failed to demonstrate that his counsel's efforts to negotiate the plea agreement fell short of a professional standard. Through his negotiation of the plea agreement, counsel preserved the right to argue to this Court whether an enhancement for maintaining a drug house should be used in calculating the guidelines. Dunlap received a value in preserving that argument before this Court, even if he did so without a right to appeal. *See United States v. Calderon*, 388 F.2d 197, 200 (6th Cir. 2004). As this is the only failure argued by Dunlap, he has not shown deficient performance. Furthermore, as Dunlap has never at any stage of these proceedings indicated that he would have proceeded to trial but for the alleged deficient performance of his counsel, he also cannot demonstrate prejudice. His ineffective assistance of counsel claim, therefore, cannot satisfy either *Strickland* prong.

In his second ground for relief, Dunlap asserts that this Court failed to resolve an issue he argued before this Court – namely that use of the drug house enhancement constituted double counting. During sentencing, the Court heard argument from counsel on the issue. Defense counsel asked that the enhancement not apply "as it would be double counting under the guidelines." Doc. 35 at 5. The Government then offered its argument for the enhancement. The Court then

2

concluded: "At this time the objection will be overruled for the following reasons: First of all, as a factual matter, the factual basis of the parties' plea and plea agreement sets forth a sufficient basis to support the enhancement." *Id.* at 7. The Court continued:

> With regard to the enhancement, for the reason set forth by the probation officer in her ruling on the objection, or her response, I should say, to the objection, it's clear that indeed the enhancement does apply. The government's brief likewise does a fairly good job of outlining the appropriate case law which indeed in the case of *United States v. Johnson*, 737 F.3d, 444, as well as the application note to the enhancement indicates that it does apply to a defendant who knowingly maintains a premises, a building, room, or enclosure for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution.
>
> So that objection will be overruled and the two-level enhancement as recommended by the probation officer will apply.

*Id.* at 8. Accordingly, any argument that the objection went unaddressed is not supported by the record. Dunlap's second ground for relief lacks merit.

In his third ground for relief, Dunlap contends that this Court improperly calculated his offense level and his criminal history. As the Government notes, Dunlap's appellate waiver bars any argument regarding the calculation of his offense level. Furthermore, while Dunlap preserved the right to appeal his criminal history category, he failed to raise such an argument in his dismissed appeal. As such, he has waived the right to do so in this matter. His third ground for relief lacks merit.

In his final ground for relief, Dunlap contends that his appellate counsel was ineffective for failing to seek certiorari from the United States Supreme Court. "As the Supreme Court has made clear, the Constitution does not entitle a criminal defendant to the assistance of counsel for the filing of a petition for certiorari, so counsel's failure to file that petition cannot amount to constitutionally ineffective assistance" *Nichols v. United States*, 563 F.3d 240, 249-50 (6th Cir. 2009). Accordingly, Dunlap's fourth ground for relief also lacks merit.

3

**III. CONCLUSION**

For the foregoing reasons, Petitioner John Dunlap, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: February 29, 2016 /**s**/ *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**